UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COREY A. MANN ,

                              Petitioner,

        v.

DANIEL WHITE ,

                              Respondent.

CASE NO. 19-2011 RSM

**REPORT AND
RECOMMENDATION**

Petitioner Corey A. Mann seeks 28 U.S.C. § 2254 habeas relief from his conviction for First Degree Felony Murder and 493 month sentence in King County Superior Court Cause Number 14-1-0856-4 KNT. *See* Amended Habeas Petition Dkt. 3. Petitioner also requests the Court conduct an evidentiary hearing. *Id.*

The amended habeas petition, Dkt. 2, contains Attachments raising following grounds for relief:

(1)    Petitioner's Fourteenth Amendment due process rights were violated by the trial judge's denial of a motion to sever his trial from the codefendant's trial. Dkt. 3 at 6.

(2)    Petitioner's Fourteenth Amendment due process rights were violated because the state failed to present sufficient evidence to prove the predicate crime of burglary. *Id* at 11.

REPORT AND RECOMMENDATION - 1

(3)      Petitioner's Fourteenth Amendment due process rights were violated when the state failed to submit a lesser included offense instruction. *Id*. at 14.

(4)      Trial counsel was ineffective for failing to request a cautionary jury instruction regarding accomplice testimony. *Id.* at 20.

(5)      Petitioner's Fourteenth Amendment due process rights were violated because repeated references to his criminal history were made in violation of the trial judge's rulings. *Id.* at 26.

(6)      Cumulative errors committed at petitioner's trial violated his Fourteenth Amendment due process rights. *Id*. at 30.

Respondent contends the Court should deny the habeas petition because grounds for relief two and six are unexhausted and the remaining claims lack merit. Dkt. 7 (Response). The Response is noted for March 6, 2020 as ready for the Court's consideration and the matter is thus ripe for review.

## BACKGROUND

Petitioner and Michael Galloway, Tiana Woods-Sims and Gary Sanders with charged with first degree felony murder. *See State v. Mann*, 4 Wn.App.2d 1034 at *2 (Div. I, 2018). Wood-Sim and Galloway pleaded guilty to second degree murder and testified at the joint trial of petitioner and Sanders. *Id.* The Washington Court of Appeals summarized the facts regarding petitioner's case as follows:

> In 2013, Tiana Wood-Sims reconnected with Latasha Walker, an acquaintance from high school, and soon they began using drugs together. Walker also sold drugs out of the apartment she shared with her boyfriend, Kenneth McGee. Wood-Sims saw drugs and money in Walker's apartment. Wood-Sims told her cousin, Corey Mann, about the drugs and money in Walker's apartment, and they agreed to rob Walker.

REPORT AND RECOMMENDATION - 2

On June 3, 2013, Wood-Sims spent the day with Walker away from Walker's apartment. Throughout the day, Wood-Sims stayed in contact with Mann, informing him of where she and Walker were, so that Mann could rob the apartment while they were gone. Michael Galloway testified that on that day Mann met him at a skate park and told him about the plan to rob Walker's apartment. Mann was also with Gary Sanders, whom Mann introduced to Galloway as his brother-in-law. Galloway agreed to go with Mann. Galloway drove Mann and Sanders to the apartment building for the robbery, following Mann's instructions.

At the apartment, Mann indicated for Galloway to knock on the front door. After Galloway knocked, they saw someone coming so Galloway, Sanders, and Mann returned to the car. Wood-Sims sent Mann a text message that she and Walker were back at Walker's apartment. About 10 to 15 minutes later, the three men went to the apartment door. Wood-Sims heard a knock, looked out and saw Galloway, who claimed to be a neighbor and asked if he could use a phone. Wood-Sims testified that Walker told Wood-Sims to open the door and allow him to use the phone. Galloway, Mann, and Sanders then "pushed" their way into the apartment.

Mann and Galloway went into the bedroom where Walker was located. Wood-Sims and Sanders stayed in the living room. Galloway testified that he went to the dresser where he believed the money and drugs were, and Mann began wrestling with Walker. Galloway testified that as he continued to search for money and drugs, Sanders came into the bedroom, and he saw Mann and Sanders hold Walker down on the bed.1 Galloway testified that before he left the bedroom he saw Sanders hit Walker "up to four times in her stomach." Galloway went into the second bedroom, still searching for the money and drugs, and when returned to the first bedroom he saw Walker on the floor with a belt around her neck. Galloway testified that Sanders was sitting next to her holding one end of it.

*2 Galloway grabbed everything he thought he could sell, and saw Sanders take some things from the living room. Before the men left, Mann told Wood-Sims that they had to make it look "legit," and then Mann hit her in the face with his open hand. After the men left, Wood-Sims went into the bedroom and saw Walker sitting on the floor with her eyes closed and head slouched. She saw a belt around Walker's neck. Wood-Sims tried to wake up Walker, poured water on her, and pushed on her chest. She heard Walker wheeze and ran outside to get help. Wood-Sims found a

woman outside who then came into the apartment, called the
police, and did CPR (cardiopulmonary resuscitation) on Walker.

When paramedics arrived, Walker had no pulse, was not breathing,
and showed a "flat line" on the cardiac monitor. Although they
were able to restart her heart with medication, Walker did not
survive. The medical examiner performed an autopsy and
concluded that Walker bled to death internally, due to blunt force
trauma to her liver.

On March 12, 2014, the State charged Galloway, Wood-Sims,
Sanders, and Mann with first degree felony murder. Wood-Sims
and Galloway eventually admitted their involvement, pleaded
guilty to second degree murder, and testified for the State at
Sanders's and Mann's joint trial. The jury found Sanders and
Mann guilty as charged. The trial court sentenced Mann to 493
months of confinement.

*State v. Mann*, 4 Wn.App.2d at *1.

# EVIDENTIARY HEARING

Petitioner requests the Court set an evidentiary hearing. Dkt. 3. However, an evidentiary

hearing is precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011). As discussed below, the

claims petitioner properly presented to the state courts were adjudicated on the merits, and the

state courts' rejection of the claims are neither contrary to or an unreasonable application of

clearly established Supreme Court law or based upon an unreasonable determination of the facts

given the record. Under these circumstances, this court is barred from conducting an evidentiary

hearing to further develop the facts on petitioner's claims. *Pinholster* at 185 ("If a claim has been

adjudicated on the merits by a state court, a federal habeas petitioner must overcome the

limitations of § 2254(d)(1) on the record that was before the state court.")[1]; s*ee also Sully v.*

---

[1] The *Pinholster* limitation also applies to claims brought under § 2254(d)(2). *See Gulbrandson
v. Ryan*, 738 F.3d 976, 993, n. 6 (9th Cir. 2013) ("*Pinholster* and the statutory text make clear
that this evidentiary limitation is applicable to § 2254(d)(2) claims as well. *See* § 2254(d)(2)
(allowing for habeas relief if the state court decision "was based on an unreasonable
determination of the facts in light of the evidence presented in the State court proceeding.")

*Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court has declined to decide whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks and citation omitted).

Additionally, petitioner's desire to further develop or supplement the record through attachments and exhibits submitted to this court is also barred under *Pinholster*. *See Runningeagle v. Ryan*, 686 F.3d 758, 773–774 (9th Cir. 2012) (*Pinholster* governs discovery, expansion of the record and evidentiary hearings); *Neng Saypao Pha v. Swarthout*, No. 2:13-CV-1133 MCE GGH, 2015 WL 1787569, at *6 (E.D. Cal. Apr. 20, 2015), *subsequently aff'd sub nom. Neng Saypropha v. Gary Swarthout, Warden*, No. 15-16028, 2016 WL 4073503 (9th Cir. Aug. 1, 2016) ("*Pinholster* applies to all requests for evidentiary hearing (and discovery) no matter the subject of the claim; it worked a sea change in federal habeas corpus practice."); *Virgo v. Frauenheim*, 2018 WL 3831003 at * 12 (E.D. Cal., August 13, 2018) (The article petitioner attached to federal habeas pleading is precluded by *Pinholster's* bar to supplementing facts adduced for the first time in federal proceedings where claim is adjudicated on the merits.). Accordingly, the Court may not consider the exhibits, declarations and attachments petitioner submitted in support of relief, not previously considered by the state courts. Dkts. 41, 43.

In sum, in determining whether relief is available under 28 U.S.C. § 2254(d)(1) or (2), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). An evidentiary hearing is not required if the allegations would not entitle petitioner to

---

(emphasis added); *Pinholster*, 131 S.Ct. at 1400 n. 7 (comparing (d)(1) to (d)(2) and stating that (d)(1) "also is plainly limited to the state-court record.") (emphasis added)).

1    relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record

2    refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is

3    not required to hold an evidentiary hearing." *Id.*  Here, the Court concludes petitioner is not

4    entitled to relief and the habeas claims may be resolved by review of the existing record without

5    further discovery or supplementation of evidence presented for the first time; accordingly, no

6    evidentiary hearing should be ordered because petitioner's allegations do not entitle him to

7    habeas relief. The Court also concludes any request for evidentiary hearing, discovery, and to

8    supplement the state court record should be denied. *See also Kemp v. Ryan*, 638 F.3d 1245, 1269

9    (9th Cir. 2011) (When a habeas petitioner is not entitled to an evidentiary hearing, then the

10   petitioner's request for discovery is futile, and the court does not abuse its discretion in denying

11   it.).

12                                **FEDERAL HABEAS STANDARDS**

13   **A.     Habeas Review Standards**

14           A federal Court may not grant habeas relief unless the state court decision: "(1) was

15   contrary to clearly established federal law as determined by the Supreme Court, (2) involved an

16   unreasonable application of such law, or (3) . . . was based on an unreasonable determination of

17   the facts in light of the record before the state court." *See Fairbank v. Ayers*, 650 F.3d 1243,

18   1251 (9th Cir. 2011) (as amended); 28 U.S.C. § 2254(d)(1)–(2).

19           A state court's decision is contrary to clearly established federal law if it contradicts the

20   law set forth by the United States Supreme Court or reaches a result different than that reached

21   by the Supreme Court on materially indistinguishable facts. *See Terry Williams v. Taylor*, 529

22   U.S. 362, 405–06 (2000); *see also Kernan v.* Cuero, 138 S.Ct. 4, 8 (2019) (Unless a prior

23   Supreme Court decisions clearly entitles petitioner to the relief he sought, the "state court's

decision could not be 'contrary to' any holding from this Court."). A state court's decision is an unreasonable application of clearly established federal law when the state court identifies the correct legal rule but applies it to a new set of facts in a way that is objectively unreasonable. *See id*. at 407. "Clearly established federal law means the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Xiong v. Felker*, 681 F.3d 1067, 1073 (9th Cir. 2012) (citation omitted). A court's determination of clearly-established law rests on a Supreme Court holding, not on circuit decisions. *See Wright v. VanPatten*, 552 U.S. 120, 125–26 (2008) (A Supreme Court case must have "squarely address[ed]" a certain issue and given a "clear answer" regarding the applicable legal rule to create "clearly established federal law.).

Turning to habeas relief based upon a claim the state court unreasonably determined the facts, "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller–El I*, 537 U.S. 322, 340 (2010) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).").

Additionally, state-court factual findings are presumed correct. This is a presumption the petitioner must overcome by clear and convincing evidence. *Davis v. Ayala*, 135 S. Ct. 2187, 2199–2200 (2015) (quotation and citation omitted). Consequently, even if reasonable minds reviewing the record might disagree about a state court's factual determination, a federal habeas court cannot supersede the trial court's determination." *Id.* at 2201.

In considering a habeas petition, a federal court reviews the "last reasoned decision" from the state court. Where the final state court decision contains no reasoning, the court looks to the last decision from the state court that provides a reasoned explanation of the issue. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Where no state court decision articulates its underlying reasoning, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. . . ." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). When the state courts fail to provide reasoning for its decisions, a federal court must independently review the record and ascertain whether the state court's decision was objectively unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (citation and internal quotation marks omitted)." "Crucially, this is not a de novo review of the constitutional question. Rather, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citations and internal quotation marks omitted).

Finally, a federal court's review of a habeas claim is limited to the facts before the state court and the petitioner is not entitled to an evidentiary hearing in federal court. *See Cullen v. Pinholster*, 131 S. Ct.1388, 1398 (2011). "An evidentiary hearing may be appropriate after *Pinholster* only if the district court first determines that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it." *Grecu v. Evans*, No. 07-0780-EMC, 2014 WL 5395783, at *17 (N.D. Cal. Oct. 22, 2014) (unreported).

**B.      Exhaustion Requirement and Grounds for Relief 2 and 6.**

Respondent contends petitioner failed to exhaust claims two and six and the claims are now procedurally barred and should be dismissed. Dkt. 7 at 21-23. In specific, respondent contends petitioner presented all of his habeas claims to the state court of appeals. The state court

of appeals rejected the claims and affirmed petitioner's conviction. Petitioner thereafter sought review in the Washington Supreme Court of the court of appeals decision but did not present claims two and six in his petition for review. The record supports respondent's contention and these claims are thus unexhausted. *See* Dkt. 8, Ex. 28 (Petition for Review).

Petitioner may obtain federal habeas relief only if he has exhausted state judicial remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Exhaustion is a prerequisite to obtaining habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A).[2] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine requires the petitioner to do two separate things. First, the petitioner must properly raise the federal habeas claim in each appropriate state court, including the state intermediate court of appeals and the state's highest court. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). And second, a petitioner must fairly present each federal claim to the state court. *Picard v. Connor*, 404 U.S. at 275. Fair presentation requirement requires petitioner to fully and fairly present federal claims for relief to the state courts.

If petitioner failed to exhaust his federal habeas claims and the state courts would now procedurally bar presentation of the claims, the claims are procedurally defaulted and federal habeas relief is unavailable. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Washington law sets forth a procedural bar applicable to petitioner. First Washington law requires a petition for collateral relief challenging a criminal judgment and sentence be filed within one year after the judgment becomes final. *See* RCW 10.73.090(1) ("No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a

---

[2] This section states that "An application for a writ of habeas corpus on behalf of a person in custody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

court of competent jurisdiction."); *See also In re Haghighi*, 178 Wn.2d 435, 445-46 (2013) (Haghighi timely filed a PRP but the amended PRP was filed more than one year after his appeal became final and the claims therein are therefore time barred).

Collateral relief in Washington includes the filing of a Personal Restrain Petition (PRP). RCW 10.73.090 is a mandatory rule that bars appellate court consideration of PRPs filed after the limitation period has passed, unless the petitioner demonstrates the PRP is based on one of the exemptions enumerated in RCW 10.73.100 (newly discovered evidence; statute of conviction is facially invalid; conviction is barred by double jeopardy; insufficient evidence to support conviction; sentence exceeds court's jurisdiction; significant change in law). *See In Re Bonds*, 165 Wn2d. 135, 140 (2008). The time limitations set forth in RCW 10.73.090 have been deemed an independent and adequate state ground to bar federal habeas review. *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000) ("Shumway has failed to demonstrate that Wash. Rev. Code § 10.73.090 is not an adequate and independent state procedural rule that bars her claims."). Under Washington law "a judgment becomes final, among other things, when 'an appellate court issues its mandate disposing of a timely direct appeal from the conviction.' RCW 10.73.090(3)(b)." *Matter of Sandoval*, 189 Wn.2d 811, 820 (2018).

Here, the Washington Supreme Court denied review of petitioner's direct appeal on October 31, 2018, Dkt. 8, Ex. 31, and the state court of appeals issued the mandate on December 7, 2018,[3] making petitioner's state conviction final that day for purposes of calculating the one year time limit to file a PRP in the state courts. *See* RCW 10.73.090 (3)(b). More than one year has passed since petitioner's state judgment became final for purposes of calculating the time in which he was required to file a PRP. Petitioner therefore is procedurally barred from returning to

---

[3] Dkt. 8, Ex. 32

REPORT AND RECOMMENDATION - 10

state court to exhaust claims two and six through a PRP because the time to do so has long

lapsed.

When an unexhausted claim is procedurally barred, a federal court is barred from

addressing the merits of defaulted habeas claims. *Williams v. Stewart*, 441 F.3d 1030, 1061 (9th

Cir. 2006). However, the petitioner may overcome procedural bars and obtain federal review if

he presents sufficient evidence to "demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. This requires the petitioner to

show the case falls within the "narrow class of cases . . . [involving] extraordinary instances

when a constitutional violation probably has caused the conviction of one innocent of the crime."

*McCleskey v. Zant*, 499 U.S. 467, 494 (1991). In order to pass through the actual innocence

gateway noted in *Schlup v. Delo*, 513 U.S. 298, 314 (1995) petitioner must show, given all

available evidence, it is more likely than not that no reasonable juror would convict him of the

relevant crime. *See House v. Bell*, 547 U.S. 518, (2006).

A petitioner may also overcome procedural default by making "an adequate showing of

cause and prejudice" for his failure to exhaust his state court remedies. *Strickler v. Greene*, 527

U.S. 263, 282 (1999). To make this showing, petitioner must "demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at

750. To establish cause for a procedural default, a petitioner must demonstrate the default is due

to an external objective factor that "'cannot fairly be attributed to him." *See Coleman*, 501 U.S. at

753 ("'[W]e think that the existence of cause for a procedural default must ordinarily turn on

whether the prisoner can show that some objective factor external to the defense.'").

To demonstrate "prejudice, "'the habeas petitioner must show 'not merely that the errors

at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial

REPORT AND RECOMMENDATION - 11

disadvantage, infecting his entire trial with error of constitutional dimensions.'"). *Murray v. Carrier*, 477 U.S. 478, 494 (1986) citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

In reviewing the record, petitioner's claims two and six were presented to the state court of appeals but were **not presented** to the Washington Supreme Court. The claims are therefore unexhausted. More than a year has passed since the state judgment became final in December 2018, and petitioner is thus procedurally barred from returning to state court to exhaust his claims due to the Washington's one-year state statute of limitation for filing a PRP. The unexhausted claims are accordingly defaulted and now procedurally barred. There is no exception that would allow expansion of time to seek PRP relief because petitioner knew about the unexhausted claims when he was in the state courts and failed to present them to the highest sate court. This is evident because petitioner in fact presented the claims to the court of appeals. Additionally, this is not the rare case of actual innocence. Accordingly, the Court recommends that claims two and six be denied and dismissed as unexhausted and procedurally defaulted.

## DISCUSSION

**A.    Ground for Relief One: Denial of Motion to Sever**

Petitioner contends his due process rights were violated because the trial judge denied his motion to sever his trial from the trial of codefendant Sanders. On direct appeal, petitioner argued the trial court should have granted the severance motion because he and Sanders had irreconcilable defenses, the jurors had to consider a massive amount of evidence, and an out-of-court statement Sanders made incriminated petitioner. Dkt. 7, Ex. 24. Petitioner's defense was "denial." Dkt. 7, Ex. 24 (Opening Brief on Direct Appeal). In specific, petitioner argued to the jury there was no forensic evidence; the cell-tower evidence against him was fallible; and there were no independent, unbiased, disinterested eyewitnesses to the crime. *Id.* Sanders' defense was

he would not have been involved but for petitioner who is a violent and dishonest person. Dkt. 7, Ex. 27 at 6. The trial court however excluded evidence of petitioner's "reputation for violence, manipulation or untruthfulness." *Id.*

The state court appeals affirmed petitioner's conviction finding severance is not automatically required simply because codefendants present conflicting defenses. Rather the court found the conflicting defenses must be so extreme the "conflict alone demonstrates both are guilty." *State v. Mann*, 4 Wn. App. 2d 1034 at * 2.  Here petitioner claims Sanders' presence in his trial was prejudicial because Sanders' defense was to blame petitioner for the murders; the jurors heard the statement Sanders gave to the police that he agreed to help petitioner rob the victim; and Sanders called a witness, Rodriguez, who testified about incriminating statements petitioner made.

The state court of appeals rejected these arguments finding petitioner failed to show the jury inferred guilt based upon a conflict in defenses presented by the defendants. *Id.* at *5. The state court of appeals found "the jury's verdict finding both Mann and Sanders guilty demonstrates they did not believe either defense." *Id.* at *4. Essentially, the state court reasoned petitioner was not improperly prejudiced by the joinder because petitioner was not convicted based upon the defense Sanders presented, i.e. that Sanders was not guilty but that petitioner was. Instead the jury rejected Sanders' defense and found Sanders guilty.

The state court also found codefendant Woods-Sims who pleaded guilty, testified she and petitioner agreed to rob the victim. Galloway, another codefendant who pleaded guilty testified petitioner said they were going to rob the apartment. The state court of appeals found the strength of the evidence against petitioner was thus strong and the testimony of these witnesses clearly undercut petitioner's defense of "denial." Additionally, the state court noted in view of

REPORT AND RECOMMENDATION - 13

Woods-Sim's and Galloway's testimony, Sanders' statement to the police that he agreed to rob the victim with petitioner was cumulative at most, rather than a lynchpin piece of evidence.

Turning to Rodriguez's testimony, this witness testified petitioner made incriminating statements to him while they both were in custody. But Rodriguez's testimony was not evidence that could only have been presented in a joint trial. Rather, even if separate trial had been ordered he was a witness that was available to be called by the prosecution against petitioner. Hence the joinder of petitioner's and Sanders' trial had nothing to do with the availability of Rodriguez as a witness against petitioner.

The state court of appeals also rejected petitioner's argument that due to the massive and complex amount of evidence severance was mandated. *Id.* at *5. The court found other than Sanders' out-of-court statement to police officers about being involved in the crime with petitioner, petitioner presented nothing showing the evidence would not have been the same had the trials been severed. The state court accordingly concluded petitioner failed to show the evidence was so massive and complex that it was impossible for the jury to segregate the evidence relative to each codefendant.

Respondent contends the Court should deny this claim first arguing the state court ruling is not contrary to law clearly established by the Supreme Court. Dkt. 7 at 11. The Supreme Court has not clearly established that antagonistic defenses are prejudicial per se and that such defenses mandate severance of codefendants for separate trials. Habeas relief is available only if a criminal defendant were deprived of a fundamentally unfair trial. However, respondent is correct "there is no clearly established Supreme Court law requiring severance of criminal trials in state court even when the defendants assert mutually antagonistic defenses." *Runningeagle v. Ryan*, 686 F.3d 758, 774 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 14

Although the Supreme Court has not established a clear rule, the Court notes the Court of Appeals for the Ninth Circuit has found the denial of severance of codefendants may prejudice a defendant sufficiently to render his trial fundamentally unfair in violation of due process. *Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir. 1997). To prevail in such a claim, the habeas petitioner must show the joinder had a substantial and injurious influence on the jury's verdict. *Sandoval v. Calderon*, 241 F.3d 765, 772 (9th Cir. 2000).

The Court also notes in a case addressing Rule 8 of the Federal Rule of Criminal Procedure, the Supreme Court declined to adopt a rule mandating severance whenever codefendants have conflicting defenses and instead noted "mutually antagonistic defenses are not prejudicial per se." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is questionable whether *Zafiro* is applicable here because the Court of Appeals for the Ninth Circuit has declared "[b]y its own wording, *Zafiro* only applies to federal and not state court trials." *Collins v. Runnels*, 603 F.3d 1127, 1131-1132 (9th Cir. 2010).

To the extent *Zafiro* might apply to petitioner's severance claim, the decision does not aid him. The *Zafiro* court noted severance might be required "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. This is somewhat comparable to the Ninth Circuit's holding that severance of codefendants may prejudice a defendant sufficiently to render his trial fundamentally unfair in violation of due process.

Here, the state court of appeals determination is not contrary to clearly established law or based upon an unreasonable determination of the facts. First as noted above the Supreme Court has not clearly established the right petitioner asserts. Second, even if the Court were to assume

1   that the Supreme Court has clearly established that due process protects petitioner from

2   prejudicial joinder, the Court cannot say the state court erred.

3          Turning to the facts of the case, petitioner contends the evidence presented was massive

4   and complex, thus creating confusion as to what applied to him only and what to the codefendant

5   only. But the amount of evidence presented at trail did not stem from the joinder of the trials as

6   the state court found. Rather the state court found essentially all of the same evidence would

7   have been presented against petitioner even if separate trials had been ordered. Under these

8   circumstances the state court's finding is neither unreasonable nor contrary to Supreme Court

9   law.

10         Next, as the state court found, this is not a case in which the jury accepted Sanders'

11  testimony that the crime committed was all petitioner's fault. Thus, the jury did not convict

12  petitioner based upon Sanders' antagonistic defense. Indeed, as the state court noted, the jury

13  rejected Sanders' defense and convicted Sanders.

14         This is also not a case in which the jury convicted petitioner because solely on Sanders'

15  statement to the police that both he and petitioner were involved in the crime. The other two

16  codefendants who testified against both Sanders and petitioner stated both petitioner and Sanders

17  were involved in the crime. Sanders' statement to the police was thus cumulative of other

18  evidence the jury heard, not a critical piece of information upon which petitioner's guilt or

19  innocence hung.

20         Petitioner's contention the joinder allowed Rodriguez to testify to incriminating

21  statements petitioner made is also unfounded. Rodriguez was an inmate who testified petitioner

22  told him in the jail "there was supposed to be money and drugs there, and during the whole thing,

23  he [the petitioner] ended up slamming the girl to the ground and choking her." Dkt. 27 at 10. The

1    contention is unfounded because as the state court correctly noted, Rodriguez's testimony was

2    not testimony that could only have been presented in a joint trial. Had separate trials been

3    ordered, Rodriguez's testimony could still have been presented against petitioner.

4        For these reasons, the Court concludes the state court determination of the claim is not

5    contrary to law clearly established by the Supreme Court or based upon an unreasonable

6    determination of facts. The claim should therefore be denied and dismissed.

7    **B.    Ground for Relief 3: Lesser Included Offense Instruction**

8        Petitioner contends the trial judge erred by denying his request to include lesser offense

9    jury instructions for second degree felony murder predicated upon theft and assault. *Id.* The state

10   court of appeals held under Washington state law, "the trial judge did not abuse its discretion in

11   declining to instruct the jury on the inferior offenses of second degree felony murder based upon

12   theft or assault." *State v. Mann*, 4 Wn.App 2d at *8.

13       A claim the state courts incorrectly interpreted state law is not a cognizable basis for

14   federal habeas relief. Federal courts do not grant habeas relief for errors of state law. *See Estelle*

15   *v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited

16   to deciding whether a conviction violated the Constitution, laws, or treaties of the United

17   States"). Thus, state court procedural and evidentiary rulings are not subject to federal habeas

18   review unless such rulings "violate[ ] federal law, either by infringing upon a specific

19   constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial

20   guaranteed by due process." *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (cited sources

21   omitted); *see also, Waddington v. Sarausad*, 555 U.S. 179, 192 n. 5 (2009) ("[W]e have

22   repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court

23   determinations on state-law questions.'").

1    The Court notes in *Keeble v. United States*, 412 U.S. 205, 214 (1973) the Supreme Court

2    indicated a criminal defendant is entitled to a lesser included offense instruction if the evidence

3    would permit a jury to rationally find him guilty of the lesser and acquit him of the greater.

4    However, *Keeble* did not hold due process entitles a defendant a lesser instruction is **all criminal**

5    cases.[4]  Rather the Supreme Court stated it has "never explicitly held that the Due Process

6    Clause of the Fifth Amendment guarantees the right of a defendant to have the jury instructed on

7    a lesser included offense." *Id.* at 213. *see also Solis v. Garcia*, 219 F.3d 922, 928 (9th Cir. 2000)

8    ("In *Bashor v. Risley*, 730 F.2d 1228 (9th Cir.1984), the Ninth Circuit, without reference to *Beck*,

9    held that "the failure of a state court to instruct on a lesser offense [in a non-capital case] fails to

10    present a federal constitutional question and will not be considered in a federal habeas corpus

11    proceeding."); *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (en banc) ("[The failure to

12    instruct on lesser included offenses in noncapital cases [is not] such a fundamental defect as

13    inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary

14    demands of fair procedure[.]").

15    In this case, the state court of appeals found the evidence does not support petitioner's

16    claim he committed only second degree felony murder predicated upon theft and was thus

17    entitled to a lesser instruction. *State v. Mann*, 4 Wn.App 2d at *8. The state court found Woods-

18    Sims testified she let petitioner into the victim's apartment and once the defendants held the

19    victim down and started looking for money and drugs the invitation to enter her apartment was

20    revoked. *Id.* The state court found the facts amply established the elements of the predicate crime

21

22

23

---

[4] The right to a lesser included instruction attaches only in capital cases. *See Beck v. Alabama*, 447 U.S. 625, 627 (1980) (Death penalty may not be imposed where jury was not permitted to consider a verdict of guilt of a lesser included offense).

REPORT AND RECOMMENDATION - 18

of burglary: petitioner and the accomplices remained unlawfully in the victim's apartment and stole property. The state court concluded "the evidence does not support that Mann and his accomplices committed <u>only</u> the lesser offense of theft" and the trial judge accordingly reasonably found no support for the lesser instruction. *Id.*

The state court also rejected petitioner's claim he was entitled to a lesser instruction based upon the predicate offense of assault. The state court found there was "substantial evidence that Mann and his accomplices committed robbery or burglary" and the trial court correctly found there was no factual basis for <u>only</u> the inferior offense of second degree felony murder based upon assault." *Id.*

The Court cannot say the state court's factual determinations are unreasonable. The facts presented at trial and found by the state court of appeals clearly establish petitioner committed burglary and robbery. Petitioner's permission to be in the victim's apartment was revoked once she was held down and her property taken. The elements of burglary were thus clearly established. Additionally, force was used against the victim as petitioner and the other defendants began taking her property. The elements of robbery were thus established.

Based upon these factual determinations the state court of appeals' determination is thus not contrary to clearly established Supreme Court law or based upon an unreasonable determination of the facts. *Keeble v. United States*, is wholly inapplicable because the evidence clearly would **not** permit a jury to rationally petitioner guilty of the lesser felony murder in the second degree and acquit him of the felony murder in the first degree. The claim should accordingly be denied and dismissed.

REPORT AND RECOMMENDATION - 19

1    **C.**      **Ground for Relief 4: Ineffective Assistance - Accomplice Testimony Instructions**

2          Under *Strickland v. Washington*, 466 U.S. 668, (1984) petitioner must demonstrate: (1)

3 his attorney's performance "fell below an objective standard of reasonableness," *id.* at 688, and

4 (2) show prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors,

5 the result of the proceeding would have been different." *Id.* at 694.

6          Petitioner's codefendants testified against him at trial. Petitioner contends trial counsel

7 was ineffective for failing to request a cautionary jury instruction regarding accomplice

8 testimony. Dkt. 3 at 20. To prevail on this claim, the state court found petitioner must show he

9 was entitled to the cautionary accomplice testimony instruction to establish counsel was

10 ineffective, and that "it is always the better practice for a trial court to give the cautionary

11 instruction whenever accomplice testimony is introduced." *State v. Mann*, 4 Wn. App 2d at *8.

12 There is no dispute that accomplice testimony was presented at petitioner's trial. The state court

13 did not find petitioner was **not** entitled to the cautionary instruction and instead stated it is

14 always the better practice to give the cautionary instruction. The state court thus found, without

15 explicitly so stating, petitioner met the first prong of the *Strickland* test.

16          However, the state court rejected petitioner's claim on the grounds that petitioner failed

17 to meet *Strickland's* second prong: prejudice. The state court found there is no reversible error if

18 the accomplice testimony is substantially corroborated by testimonial, documentary, or

19 circumstantial testimony. *State v. Mann*, 4 Wn. App 2d at *8. In other words, there is no

20 reversible error because petitioner was not prejudiced.

21          In support, the state court of appeals found the accomplice testimony was corroborated by

22 cell phone records, cell tower records showing petitioner's movements, medical testimony, and

23 other forensic evidence. *Id.* at 9. Accomplice Galloway's fingerprints were found in the victim's

REPORT AND RECOMMENDATION - 20

apartment corroborating his testimony that he was present at the crime scene and witnessed the crime. *Id.* Cell phone records showed petitioner phone connected to a cell-tower near the victim's home an hour before the crime, corroborating petitioner's presence at the scene of the crime. *Id.* Detective Wales corroborated accomplices Wood-Sims' and Galloway's testimony by testifying phone records established extensive contact between petitioner and these accomplices. *Id*. The state court concluded the accomplice testimony was sufficiently corroborated to "fairly connect Mann to the crime charged" and "Mann was not prejudiced by his counsel's failure to request the instruction." *Id.*

The Court concludes that the state court of appeals' determination is neither contrary to law clearly established by the Supreme Court nor based upon an unreasonable determination of the facts. The claims should accordingly be denied and dismissed.

**D.      Ground for Relief 5:  References to Petitioner's Criminal History**

Petitioner contends his due process rights were violated because witnesses made references to his criminal history despite the trial judge's order excluding references to his criminal history or being in jail. Dkt. 3 at 26. The state court of appeals found despite the trial judge's order, one witness, Woods, stated petitioner had been "locked-up," and "at one point had gotten 'out of prison.'" *State v. Mann*, 4 Wn.App. 2d at *9. Additionally, codefendant Sanders on cross-examination stated petitioner "wasn't just going to let me jump out [of] the car and walk away. He would probably come look for me and gun me down or something. So with that type of individual, that's what I felt like." *Id.* After each witness made the statements, petitioner moved for a mistrial. The trial denied the motions and instead "promptly instructed the jury to disregard both Wood's and Sander's improper statements." *Id.*  The trial judge also gave a limiting

instruction that the jury was not to consider the fact petitioner was in custody in 2013 as evidence of guilt.

The state court of appeals found the trial judge's denial of petitioner's motion for a mistrial should be overturned only if there is a substantial likelihood the prejudice would affect the verdict. *Id.* The state court of appeals found because the witnesses did not provide testimony in response to the prosecution's questions, the trial court promptly ordered the jury to disregard the testimony, the jurors were given a cautionary instruction, and based upon all of the evidence presented in the case, the trial judge did not err in denying the motion for mistrial. *Id.*

Petitioner contends although jurors are presumed to follow the trial judge's instructions, the instructions are insufficient when the jury has heard inherently prejudicial evidence. To the extent petitioner contends the state court misapplied state law, habeas relief should be denied. The claim regards the trial judge's denial of a motion for mistrial for violations of state rule of Evidence ER 404(b) and the state court of appeals' affirmance of that ruling. However, "evidentiary rulings based on state law cannot form an independent basis for habeas relief." *Rhoades v. Henry*, 638 F.3d 1027, 1034 n. 5 (9th Cir.2011); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (Prior injury evidence incorrectly admitted in violation of California State law not grounds for habeas relief).

To the extent petitioner asserts a violation of federal law clearly established by the Supreme Court, the claims also fails. "The admission of evidence does not provide a basis for habeas relief unless it rendered the trial fundamentally unfair in violation of due process." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (quoting *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995)); *see also Romano v. Oklahoma*, 512 U.S. 1, 12 (1994) (when considering due process claims based on evidentiary rulings, the test is whether the challenged evidence "so

1    infected the trial with unfairness as to make the resulting conviction a denial of due process")

2    (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). However, erroneous admissions

3    of evidence rendering a trial unfair are not grounds for federal habeas corpus relief unless the

4    Supreme Court has clearly held so. *See* 28 U.S.C. § 2254(d); *Holley*, 568 F.3d at 1101.

5        Here petitioner contends the witnesses' ER 404(b) testimony prejudiced him despite the

6    trial judge's order directing the jurors to disregard the testimony. The argument implies the ER

7    404(b) evidence was considered by the jury or affected the jury's determination notwithstanding

8    the trial judge's order that the jury disregard it.  Otherwise, petitioner could not possibly be

9    prejudiced as he claims.

10       However, "the Supreme Court has made very few rulings regarding the admission of

11   evidence as a violation of due process." *Holley*, 568 F.3d at 1101. "Although the Court has been

12   clear that a writ should be issued when constitutional errors have rendered the trial

13   fundamentally unfair. . . it has not yet made a clear ruling that admission of irrelevant or overtly

14   prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the

15   writ." *Id*. (citation omitted). Likewise, the Supreme Court has not held admission of "prior

16   crimes" evidence to show propensity to commit a charged crime violates due process. *See Estelle*

17   *v. McGuire*, 502 U.S. 62, 75 n.5 (1991) (expressing no opinion on whether a state law would

18   violate the Due Process Clause if it permitted the use of "prior crimes" evidence to show

19   propensity to commit a charged crime).

20       Thus, in a habeas challenge regarding evidence based on relevance and prejudice, the

21   Ninth Circuit held, "Absent such 'clearly established Federal law,' we cannot conclude that [a]

22   state court's ruling [on admission of evidence] was an 'unreasonable application.'" *Holly,* 568

23

REPORT AND RECOMMENDATION - 23

F.3d at 1101. (citing *Carey v. Musladin*, 549 U.S. 70, 77 (2006)); *see also Munoz v. Gonzalez*, 596 Fed. Appx. 588 (2015) (same citing *Holly*).

Accordingly, the claim should be denied and dismissed. If the claim rests on the contention the state court erred in applying state law, such a claim is not cognizable in a federal habeas action. If the claim rests on the contention that the ER 404(b) evidence violates due process, the fails because the Supreme Court has not clearly established that the admission of such evidence violates due process. The state court ruling accordingly cannot be deemed to be contrary to law clearly established by the Supreme Court.

And finally, the Court also finds the state court of appeals determination is not based upon an unreasonable determination of the facts. Petitioner contends he was prejudiced because the ER 404(b) evidence suggesting he has a propensity for violence and crime severely undercut his defense of general denial and lack of forensic evidence. The contention does not withstand scrutiny. As the state court of appeals indicated throughout its decision, the evidence against petitioner was strong. Rodriguez testified petitioner told him he committed the crime including choking the victim. Accomplices Wood-Sims and Galloway both testified that petitioner was directly involved in the crime. Petitioner's phone records and the cell-tower records corroborated his contact with the accomplices and his proximity to the crime scene shortly before the victim was killed. In light of the evidence against petitioner, the state court's determination that plaintiff was not substantially prejudiced by the ER 404(b) evidence (which the jury was told to disregard) is based upon a reasonable determination of the facts.

Given the facts of the case, petitioner has clearly failed to establish the ER 404(b) evidence is trial error that "had substantial and injurious effect or influence in determining the

jury's verdict" as he is required to obtain federal habeas relief.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). For these reasons, the claim should be denied and dismissed.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree petitioner's claims should be rejected. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 23, 2020.**  The Clerk should note the matter for **March 27, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

1 then be ready for the Court's consideration on the date the response is due. Objections and

2 responses shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

3      DATED this 9th day of March, 2020.

4

5      _____

6      BRIAN A. TSUCHIDA
       Chief United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 26