UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COREY A. MANN,

               Petitioner,

    v.

DANIEL WHITE,

               Respondent.

Case No. C19-2011-RSM

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

## I.  INTRODUCTION

The matter comes before the Court on the Report and Recommendation (R & R) of the Honorable Brian A. Tsuchida, United States Magistrate Judge.  Dkt. #9.  Having reviewed the R & R, Petitioner's objections thereto, Dkt. #10, and the remainder of the record, the Court agrees with the recommendation of the R & R to dismiss Petitioner's habeas petition and deny issuance of a certificate of appealability.

## II.  BACKGROUND

The Court adopts and incorporates by reference the factual background set forth in the R & R.  Dkt. #9 at 2-4.  Petitioner Corey A. Mann seeks 28 U.S.C. § 2254 habeas relief from his conviction for First Degree Felony Murder and 493-month sentence in King County Superior

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE - 1

Court, Cause No. 14-1-0856-4 KNT.  *See* Dkt. #3.  Petitioner also requests that the Court conduct an evidentiary hearing.  *Id.*

On April 3, 2019, Petitioner brought this 28 U.S.C. § 2254 habeas action seeking relief from his felony conviction and an evidentiary hearing.  Dkt. #3.  Petitioner's amended petition raises six grounds for relief: (1) violation of his Fourteenth Amendment due process rights by the trial judge's denial of a motion to sever his trial from co-defendant's trial; (2) violation of Fourteenth Amendment due process rights for state's failure to present sufficient evidence to prove the predicate crime of burglary; (3) violation of Fourteenth Amendment due process rights for state's failure to submit a lesser included offense instruction; (4) ineffective assistance of counsel for failing to request a cautionary jury instruction regarding accomplice testimony; (5) violation of Fourteenth Amendment due process rights by repeated references to his criminal history in violation of trial judge's rulings; and (6) cumulative errors committed at petitioner's trial in violation of his Fourteenth Amendment due process rights. *Id.* at 6-30.

The Government moved to dismiss on the basis that Petitioner failed to exhaust claims two and six, and his remaining claims lack merit.  Dkt. #7.  On March 9, 2020, Judge Tsuchida issued the R & R recommending that the Court dismiss Petitioner's habeas petition.  Dkt. #9.  Petitioner filed Objections on March 25, 2020.[1]  Dkt. #10.

//

//

//

---

[1] Although the Court received Petitioner's Objections two days past the March 23, 2020 filing deadline, it takes notice of Petitioner's Motion for Extension of Time, Dkt. #11, that was received late due to delays in forwarding from the U.S. Probation Office.  *See* Clerk's Note, *id.*  Finding good cause, the Court GRANTS Petitioner's unopposed motion for extension of time, *id.*, and will consider Petitioner's Objections.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE - 2

## III.  DISCUSSION

### A. Legal Standard

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### B. Petitioner's Objections

Here, Petitioner has failed to provide specific objections to the R & R sufficient to merit de novo review.  The first part of his objections merely recites the standard governing a district court's review of a magistrate judge's findings and the need to construe a pro se petitioner's objections liberally.  *See* Dkt. #10 at 2-3.  As to specific errors in the R & R, Petitioner only provides vague and conclusory arguments that this Court should reject the R & R.  Specifically, Petitioner argues that the R & R erred because (1) it "ignores that petitioner was deprived of due process of law when the prosecution committed violations of reversible error"; (2) Judge Tsuchida's findings "essentially adopt[] most of the respondents [sic] arguments and cited cases, However, those cases do not support the magistrates [sic] findings that petitioner's claims should be denied"; and (3) the R & R "does not give full and adequate consideration of the facts that surrounds each of the petitioner's Constitutional claims or the cited U.S. SUPREME COURT precedent." *Id.* at 3.

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE - 3

Petitioner's general references to "those cases" and "the facts" fail to direct the Court to specific legal or factual errors in the R & R that would require it to reach a different conclusion. It is well-established that "[c]ourts are not obligated to review vague or generalized objections to an R & R; a petitioner must provide specific written objections to invoke the Court's review." *Ybarra v. Martel*, No. 09CV1188-LAB AJB, 2011 WL 613380, at *1 (S.D. Cal. Feb. 11, 2011). Conclusory objections are likewise insufficient. *Id.*; *see also Dawson v. Ryan*, No. CV-09-0468-PHX-DGC, 2009 WL 4730731, at *2 (D. Ariz. Dec. 7, 2009) ("Because these two objections do not specify why Dawson believes the R & R is incorrect, they constitute only generalized objections and will not be reviewed de novo by the Court."). Accordingly, Petitioner's vague and conclusory objections fail to invoke de novo review of the R & R.

Having reviewed the R & R, the Court finds no error in its findings and conclusions. First, the R & R properly concluded that Petitioner's claims two and six were unexhausted and procedurally barred, given that they were never presented to the Washington Supreme Court and the one-year time limit to collaterally attack the judgment and sentence has expired. *See* Dkt. #9 at 12; *see also* RCW 10.73.090(1) ("No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."). *See Shumway v. Payne*, 223 F.3d 982, 989 (9th Cir. 2000) (holding that one-year time limitation is independent and adequate state ground to bar federal habeas review). The Court likewise agrees that, based on the record, Petitioner has failed to overcome the procedural bar either by showing that failure to consider the claims would result in a "fundamental miscarriage of justice," *Coleman, v. Thompson*, 501 U.S. 722, 750 (1991), or making an "adequate showing of cause and prejudice" for his failure to exhaust state court remedies. *Strickler v. Greene*, 527

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE - 4

U.S. 263, 282 (1999). Accordingly, the Court adopts the R & R's conclusion that claims two and six are properly dismissed as unexhausted and procedurally barred.

As for Petitioner's remaining grounds for relief, the Court finds no error in the R & R's conclusion that the state court of appeals' determination on each of the grounds is not contrary to clearly established law or based on an unreasonable determination of the facts. *See* Dkt. #9 at 12-26 (analyzing denial of motion to sever, lesser included offense instruction, ineffective assistance of counsel claim, and references to Petitioner's criminal history); *see also* 28 U.S.C. § 2254(d)(2) (habeas relief warranted if state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). Accordingly, the Court adopts the R & R's conclusion that claims one, three, four and five are properly dismissed.

Finally, the Court finds no error in the R & R's conclusion that an evidentiary hearing is barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011). *See* Dkt. #9 at 4-6; *see also Pinholster*, 563 U.S. at 185 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before the state court."). The R & R correctly concluded that the claims petitioner presented to the state courts were adjudicated on the merits, and the state courts' rejection of his claims were neither contrary to or an unreasonable determination of the facts in light of the evidence. Dkt. #9 at 5. The R & R likewise correctly concluded that Petitioner's request to develop or supplement the record through exhibits submitted in this action is also barred under *Pinholster*. *Id.*; *see also Runningeagle v. Ryan*, 686 F.3d 758, 773–774 (9th Cir. 2012) (holding that *Pinholster* governs discovery, expansion of the record, and evidentiary hearings). Accordingly, the Court adopts the R & R's recommendation to dismiss Petitioner's request for an evidentiary hearing.

//

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE - 5

### C. Certificate of Appealability

Petitioner made no objection as to the R & R's recommendation to deny issuance of a certificate of appealability ("COA"). Accordingly, having reviewed the record and the R & R, the Court adopts the R & R's conclusion that Petitioner has failed to demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Dkt. #9 at 25 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

### IV.   CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Petitioner's objections, and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation, Dkt. #9.

(2) Petitioner's habeas petition, Dkt. #3, is DISMISSED.

(3) Issuance of a certificate of appealability is DENIED.

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

Dated this 3rd day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE